2009-02241
FILED
April 21, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001783432

Peter C. Bronson, Cal. Bar No. 60669
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: (916) 444-1110
Facsimile: (916) 449-1440

Attorneys for Plaintiffs

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MARTY WAYNE DONOHUE,<br><br>Debtor.<br><br>PETER C. BRONSON and CAROLYN P. BRONSON,<br><br>Plaintiffs,<br><br>v.<br><br>MARTY WAYNE DONOHUE,<br><br>Defendant. | Case No.: 09-20986-C-7<br><br>Adv. No.:_____<br><br>Chapter 7<br><br>**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBTS, AND FOR DENIAL OF DISCHARGE**<br><br>[11 U.S.C. §§ 523(a)(2), (6), 727(a)(2), (3) and 727(c)(1)] |

Plaintiffs Peter C. Bronson and Carolyn P. Bronson ("Mrs. Bronson") (collectively "Plaintiffs") allege as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs hereby initiate an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523, and for denial of discharge pursuant to 11 U.S.C. § 727. This adversary proceeding relates to the within Chapter 7 case, *In re Marty Wayne Donohue*, Debtor,

Case No. 09-20986-C-7 pending in this Court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 523 and 727. Venue is founded upon 28 U.S.C. § 1409.

## PARTIES AND GENERAL ALLEGATIONS

3. Plaintiffs each are individuals who, at all material times, have resided in this District.

4. Defendant Marty Wayne Donohue ("Defendant") is an individual, and is the debtor in this bankruptcy case. Plaintiff is informed and believes, and on that basis alleges, that at all material times, Defendant has resided in this District.

## FIRST CLAIM FOR RELIEF

**[For Determination of Non-Dischargeability Under 11 U.S.C. § 523(a)(2) (False Pretenses, False Representations, Actual Fraud)]**

5. Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 4, inclusive, above.

6. In early 2006, Plaintiffs contacted Defendant on the basis of Defendant's two-page advertisements in an equestrian publication, concerning the possibility of Defendant installing vinyl fencing at Plaintiffs' residence. In these advertisements, Defendant represented that he did business as River City Vinyl Fencing, and that he held California Contractor's License No., 330020 (the "License").

7. Defendant met with Mrs. Bronson, and told her that he was the owner of River City Vinyl Fencing. Following the meeting, Defendant prepared a written proposal for fencing installation, on which Defendant's company was identified as River City Construction. (River City Vinyl Fencing and River City Construction are sometimes referred to collectively hereinafter as "River City".) The proposal was neither dated nor signed. Defendant said that he required, and Plaintiffs paid him, an advance payment of more than 50 percent of the total amount quoted for the fencing work.

8. After commencing installation of the fencing, Defendant told Mrs. Bronson that his company, River City, could also install gates and do other work for Plaintiffs' equestrian facility. In addition, Defendant said that his father, Michael Donohue, Jr. ("Michael Donohue"), although semi-

retired, was an experienced builder who could assist Plaintiffs in completing their facility.

9. When Plaintiffs experienced problems with the company that was erecting and installing their equestrian barn, Defendant and Michael Donohue met with Plaintiffs and suggested that Plaintiffs hire River City to complete the barn installation. Defendant also said that River City was competent to install irrigation and septic systems, to install an electric gate and supports therefor, and to install erosion control and drainage systems on Plaintiffs' property. Defendant prepared a series of written proposals in connection therewith. Like the original proposal for the fencing work, none of these subsequent proposals was dated or signed, and most of them required Plaintiffs to pay in advance 50 percent to 100 percent of the price for the various types of work to be done.

10. In 2007, Plaintiffs paid Defendant and River City in advance several hundred thousand dollars for, among other things, barn installation, irrigation and septic systems, electric gates, additional fencing, arena grading and erosion control. Defendant represented to Plaintiffs that all of the advance payments would be used for completion of the agreed work, and that the work would be performed competently. Plaintiffs made the subject payments in reliance on Defendant's representations.

11. Plaintiffs' reliance on Defendant's representations was reasonable, in that River City had completed a substantial amount of fencing installation for Plaintiffs, and the fencing appeared to be competently installed; and in that Michael Donohue represented that he was competent to complete the barn installation and the other work which Defendant agreed that River City would perform.

12. Defendant knew that the aforesaid representations were false, and intended that Plaintiffs rely upon them.

12. Defendant's representations were false, in that, among other things:

(a) Plaintiffs paid Defendant more than $80,000 in advance for irrigation systems, erosion control, septic systems and an electric gate. However, Defendant absconded with these funds, and failed to complete the agreed work.

(b) Defendant charged Plaintiffs approximately $10,000 in sales tax, but failed to disclose that he and River City had no resale license, did not have the legal right to charge sales tax, and would not remit the sales tax collected to the State of California.

3

(c) River City did not deliver all the gravel and sand which Plaintiffs had paid for in connection with the preparation of Plaintiffs' riding arenas, and the gravel that was delivered was substandard and of the wrong type.

(d) River City used an unlicensed person to install the electrical system in Plaintiffs' barn, in violation of state law; and the electrical system does not work or comply with applicable code requirements.

(e) River City charged Plaintiffs $3,000 for professional seeding of hillsides, but in fact simply hand-scattered about $60 worth of seed.

(f) River City charged Plaintiffs for waddles as part of the erosion control system, but only used a small fraction of the waddles for which Plaintiffs were charged.

(g) Defendant does not hold any contractor's license; the License in question is held by Michael Donohue.

(h) River City charged for grading and compaction work that was never completed.

(i) River City charged Plaintiffs $2,640 for jute netting that was never installed.

(j) River City charged Plaintiffs for more than one mile of "fabric" material for erosion control, but installed only about 500 feet of plastic material.

(k) River City charged Plaintiffs for pipes and culverts for drainage, but never installed these items as called for on the site plan.

(l) Although River City represented that it had submitted two compaction letters to the County of Nevada, only one was submitted. River City charged Plaintiffs for services in preparation of both letters.

(m) The gate, control boxes and mechanical equipment for which Plaintiffs paid River City were never delivered.

(n) River City stacked concrete blocks at the entrance to Plaintiffs' property and represented that the blocks constituted a proper support for the electric gate, but the structure was incompetently installed and inadequate to support any such gate.

(o) Defendant failed to install all the fencing paid for by Plaintiffs, and much of the fencing that was put in place was incomplete and/or improperly installed.

13. As a proximate result of Defendant's acts and conduct as aforesaid, Plaintiffs have sustained damages in excess of $350,000, consisting of the sums paid to Defendant for work not performed and sums which Plaintiffs must expend to remediate Defendant's improper work, and resulting from delay in completion of the barn and equestrian facility for Plaintiffs' use.

14. In committing the acts and conduct alleged herein, Defendant acted with malice, oppression and actual fraud. As a result, Plaintiffs are entitled to recover punitive damages.

15. Defendant's conduct as aforesaid violates 11 U.S.C. § 523(a)(2) and, therefore, Defendant's indebtedness to Plaintiffs is non-dischargeable.

## SECOND CLAIM FOR RELIEF

### [For Determination of Nondischargeability under 11 U.S.C. § 523(a)(6)]

16. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 15, inclusive, above.

17. In addition to the acts and conduct set forth hereinabove, River City unjustifiably recorded a mechanic's lien against Plaintiffs' property in 2008, despite the fact that Plaintiffs owed River City no money, had paid River City for all charges presented to them, and had never received any invoice or demand for payment of the sums reflected by the mechanic's lien, or any portion thereof. Months after Plaintiffs' demand, River City unilaterally released the mechanic's lien.

18. Among other things, the improper mechanic's lien impaired Plaintiffs' ability to refinance their property.

19. Defendant's conduct as alleged herein constituted willful and malicious injury to the property of Plaintiff.

20. Defendant's conduct as aforesaid violates 11 U.S.C. § 523(a)(6) and, therefore, Defendant's indebtedness to Plaintiffs is non-dischargeable.

21. Plaintiff is informed and believes, and thereon alleges, that in doing the aforementioned acts, Defendant intended to injure Plaintiff and acted willfully, wantonly, maliciously, oppressively and in callous disregard of the rights of Plaintiff, thereby entitling Plaintiff to punitive damages against Defendant, according to proof.

## THIRD CLAIM FOR RELIEF

### [For Determination of Nondischargeability under 11 U.S.C. § 523(a)(6)]

22. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 21, inclusive, above.

23. Defendant's representation in advertisements that he holds a valid contractor's license, his use of an unlicensed contractor for electrical work, his unlawful charging of sales tax, his charging Plaintiffs more than 10% of the cost of projects in advance, and his retention of advance payments without completing the work involved, all constitute unfair business acts and practices under California Business and Professions Code Sections 17200 *et seq.*, and other violations of law, as a result of which Defendant's conduct as alleged herein violates 11 U.S.C. § 523(a)(6) and, therefore, Defendant's indebtedness to Plaintiffs in non-dischargeable.

24. Plaintiff is informed and believes, and thereon alleges, that in doing the aforementioned acts, Defendant intended to injure Plaintiff and acted willfully, wantonly, maliciously, oppressively and in callous disregard of the rights of Plaintiff, thereby entitling Plaintiff to punitive damages against Defendant, according to proof.

## FOURTH CLAIM FOR RELIEF

### [For Denial of Discharge under 11 U.S.C. § 727(a)(2)(A)]

25. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 4, inclusive, above.

26. Plaintiffs are informed and believe, and on that basis allege, that Defendant, with intent to hinder, delay, or defraud a creditor or the Chapter 7 Trustee, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, within one year before the date of the filing of the petition herein, property of the Defendant consisting of, among other things, motor vehicles, gold, securities, cash, jewelry and/or other valuable personal property.

27. By reason of his conduct as aforesaid, Defendant should not be granted a discharge.

/ / / / /

## FIFTH CLAIM FOR RELIEF

### [For Denial of Discharge under 11 U.S.C. § 727(a)(2)(B)]

28. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 4, inclusive, above.

29. Plaintiffs are informed and believe, and on that basis allege, that Defendant, with intent to hinder, delay, or defraud a creditor or the Chapter 7 Trustee, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, after the date of the filing of the petition, property of the estate consisting of, among other things, motor vehicles, gold, securities, cash, jewelry and/or other valuable personal property.

30. By reason of his conduct as aforesaid, Defendant should not be granted a discharge.

## SIXTH CLAIM FOR RELIEF

### [For Denial of Discharge under 11 U.S.C. § 727(a)(3)]

31. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 4, inclusive, above.

32. Plaintiffs are informed and believe, and on that basis allege, that Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which his financial condition or business transactions might be ascertained.

33. By reason of his conduct as aforesaid, Defendant should not be granted a discharge.

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. On the First Claim for Relief, that the Court determine:

    a) That the indebtedness owed by Defendant to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2);

    b) The remaining issues; award Plaintiff damages in such sum in excess of $350,000.00 as may be proved at trial, plus punitive damages; and determine that the award of punitive damages is non-dischargeable;

2. On the Second Claim for Relief, that the Court determine:

    a) That the indebtedness owed by Defendant to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

      b) The remaining issues; award Plaintiff damages in such sum in excess of $350,000.00 as may be proved at trial, plus punitive damages; and determine that the award of punitive damages is non-dischargeable;

3. On the Third Claim for Relief, that the Court determine:

      a) That the indebtedness owed by Defendant to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

      b) The remaining issues; award Plaintiff damages in such sum in excess of $350,000.00 as may be proved at trial, plus punitive damages; and determine that the award of punitive damages is non-dischargeable;

4. On the Fourth Claim for Relief, that the Court deny Defendant a discharge;

5. On the Fifth Claim for Relief, that the Court deny Defendant a discharge;

6. On the Sixth Claim for Relief, that the Court deny Defendant a discharge; and

7. On all Claims for Relief, for such other and further relief as the Court deems just and proper.

DATED: April 20, 2009                                  Respectfully submitted,

                                                             Peter C. Bronson
LAW OFFICES OF PETER C. BRONSON
A Professional Corporation

By: _____
                                                                Peter C. Bronson
Attorneys for Plaintiffs